(No. 4323—

HARRISON ALLEN, Claimant, vs. STATE OF ILLINOIS, Respondent.
*Opinion filed March 20, 1953.*

*Motion of Claimant for new trial and petition for rehearing denied June 26, 1953.*

JOHN R. SNIVELY, Attorney for Claimant.

LATHAM CASTLE, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Harrison Allen, seeks to recover from respondent for alleged negligence, as a result of which

a portion of the second toe on claimant's left foot had to be amputated.

On August 1, 1948 claimant was an inmate at the Illinois State Penitentiary at Joliet, Illinois, serving an indeterminate sentence for robbery. On that day, which was a Sunday, claimant was working in a detail with other inmates cleaning up rubble, broken stone and concrete, and loading the material into a dump truck. Claimant and another inmate picked up a piece of broken concrete weighing over one hundred pounds, and lifted it up over the edge of the body of the truck. But, instead of resting on the truck, the block of concrete slipped off, and, since claimant's left foot was caught in some projecting bolts, he was unable to get out of the way of the falling concrete, which landed on his left foot, and injured it to such an extent that amputation was required of one joint and part of another of the second toe of his left foot.

Claimant's complaint is in two Counts, the first of which alleges five negligent acts or omissions on the part of respondent.

The first charge of negligence is that claimant was ordered to work under unsafe conditions. The evidence shows the conditions to be usual and customary for the work to be performed, and, therefore, not unsafe.

The second is that claimant was not instructed as to his labor, and warned of the dangers thereof. This charge fails, because the labor to be performed was the commonest of manual labor, and, if there were any dangers, they would be as readily apparent to claimant as to respondent.

The third and fourth are that respondent failed to provide adequate or proper safeguards. For labor of the type performed by claimant and in its particular

place, we are unable to ascertain what safeguards were lacking, which would render respondent liable.

The fifth is that claimant was not furnished adequate help or assistance. Aside from the fact that the record shows no additional help was needed by claimant, almost unlimited manpower is one asset that exists at every penitentiary, and was available, if claimant had requested help.

We conclude that not only was negligence not proven under Count I, but that claimant himself can be charged with contributory negligence. We do not decide whether the doctrine of assumption of risk applies.

The second Count of the complaint is based on a statute, which claimant maintains was violated by his working on Sunday. This statute, Ill. Rev. Stat., 1947, Chap. 108, Sec. 78, reads in part as follows:

"Sec. 78. Eight hour day prescribed—
Use of machinery
The Department of Public Safety shall, so far as practicable, cause all the prisoners in said institutions, who are physically capable thereof, to be employed at useful labor, not to exceed eight hours of each day, other than Sundays, and public holidays, . . . ."

However, there is another statute that relates to work on Sundays, Ill. Rev. Stat., 1947, Chap. 108, Sec. 31, which reads as follows:

"Sec. 31. Sunday
Facilities for attending religious services regularly on Sundays shall be afforded each convict, so far as the same can be done judiciously, and upon no pretext shall a convict on contact be required to labor on Sunday, nor shall any convict be required to do other than necessary labor for the State on that day."

Aside from the fact that the record shows that claimant volunteered to work on Sunday, which might well constitute a waiver on his part of the benefits, if any, of Section 78 quoted above, we are of the opinion

that for security reasons, and for the further reason that the construction in progress on week days could proceed more rapidly, the work claimant performed constituted "necessary labor for the State".

The record shows that rubble, resulting from demolition of a building by a private contractor, was cleared away by convicts on Saturdays and Sundays, when employees of the contractor did not work, and thereby there was no mingling of convicts with outsiders. This clearing up was not only necessary to the construction project, but also could only be performed by convicts on Saturdays and Sundays for security reasons.

Sections 78 and 31 should be construed together. One prohibits more than eight hours labor on any day, and the other limits labor on Sundays to necessary labor for the State. If the two statutes are in conflict, Section 78, as far as Sunday work is concerned, must yield to Section 31.

We, therefore, hold that claimant cannot recover on Count II of his complaint.

An award to claimant must be, and hereby is denied.